IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


DAVID S. YARNALL,             )
                              )
        Plaintiff,            )
                              )
    v.                        )   Civ. No. 05-527-SLR
                              )
CPL. ANTHONY MENDEZ, DELAWARE )
STATE POLICE TROOP 7, and     )
MILLSBORO POLICE DEPARTMENT   )
                              )
        Defendants.           )

---

David S. Yarnall, Botetourt County Jail, Fincastle, Virginia. Pro se.

Michael W. Tupman, Esquire of the Delaware Department of Justice, Dover, Delaware. Counsel for Defendants Cpl. Anthony Mendez and Delaware State Police - Troop 7.

Bruce C. Herron, Esquire of Akin & Herron, P.A., Wilmington, Delaware. Counsel for Defendant Millsboro Police Department.

---

MEMORANDUM OPINION


Dated: June 8, 2006
Wilmington, Delaware

*Sue L. Robinson* (signature)

**ROBINSON, Chief Judge**

## I. INTRODUCTION

Plaintiff David S. Yarnall ("plaintiff") filed this 42 U.S.C. § 1983 action against Delaware State Trooper Anthony Mendez ("Mendez"), the Delaware State Police Troop 7 ("Troop 7"), and the Millsboro Police Department ("MPD") claiming a violation of his civil rights in connection with his arrest. The court has jurisdiction under 28 U.S.C. § 1331. Currently before the court is MPD's motion to dismiss for failure to state a claim pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.[1]  (D.I. 21)

## II. BACKGROUND

Plaintiff's claim arises from an incident that occurred on May 11, 2005. In his complaint, plaintiff alleges that, pursuant to an arrest and after being handcuffed, Mendez struck him twice on the head with a "Maglite" flashlight.[2]  (D.I. 2) Plaintiff avers that this incident took place in a "grassy lot next to Grotto's Pizza on Long Neck Road" in Millsboro, Delaware.[3]  (Id.) After the incident, plaintiff states that he was taken to the

---

[1] Plaintiff failed to file responsive papers in accordance with the court's scheduling order. (D.I. 27)

[2] Plaintiff never states that any Millsboro police officers were involved in the alleged incident. (D.I. 2)

[3] In their answer to the complaint, defendants admit that "in trying to take the plaintiff into custody while plaintiff was resisting arrest Corporal Mendez struck plaintiff twice in the head with a flashlight in self-defense [using] a reasonable amount of force under the circumstances to take plaintiff into custody." (D.I. 23)

Beebe Medical Center in Lewes, Delaware, for a CAT scan and received eleven staples in his scalp. (Id.)

### III. STANDARD OF REVIEW

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. See Trump Hotels and Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Id. Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972); Gibbs v. Roman, 116 F.3d 83, 86 n.6 (3d Cir. 1997); Urrutia v. Harrisburg County Police Dep't., 91 F.3d 451, 456 (3d Cir. 1996). The moving party has the burden of persuasion. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

**IV. DISCUSSION**

The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Construing the facts in the light most favorable to the plaintiff, no claim is asserted against defendant MPD upon which relief may be granted. Plaintiff alleges that defendant Mendez struck him with a flashlight during the incident. Plaintiff does not indicate that anyone other than defendant Mendez was involved in the incident. Defendant MPD, the local police, is an entirely different organization from Troop 7 and would have no employment or agency relationship with defendant Mendez, a Troop 7 member. Therefore, plaintiff's claim against MPD is dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

**V. CONCLUSION**

For the reasons stated above, the court will dismiss the 42 U.S.C. § 1983 claim against defendant MPD based on plaintiff's failure to allege facts upon which relief could be granted. Fed. R. Civ. P. 12(b)(6). An appropriate order shall issue.