

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID S. YARNALL,              )
                               )
          Plaintiff,           )
                               )
     v.                        )  Civ. No. 05-527-SLR
                               )
CPL. ANTHONY MENDEZ, DELAWARE  )
STATE POLICE TROOP 7, and      )
MILLSBORO POLICE DEPARTMENT    )
                               )
          Defendants.          )

David S. Yarnall, Botetourt County Jail, Fincastle, Virginia. Pro se.

Michael W. Tupman, Esquire of the Delaware Department of Justice, Dover, Delaware. Counsel for Defendants Cpl. Anthony Mendez and Delaware State Police - Troop 7.

Bruce C. Herron, Esquire of Akin & Herron, P.A., Wilmington, Delaware. Counsel for Defendant Millsboro Police Department.

MEMORANDUM OPINION

Dated: June 8, 2006
Wilmington, Delaware

*[signature: Sue L. Robinson]*

**ROBINSON, Chief Judge**

## I. INTRODUCTION

Plaintiff David S. Yarnall ("plaintiff") filed this 42 U.S.C. § 1983 action against Delaware State Trooper Anthony Mendez ("Mendez"), the Delaware State Police Troop 7 ("Troop 7"), and the Millsboro Police Department ("MPD") claiming a violation of his civil rights in connection with his arrest. The court has jurisdiction under 28 U.S.C. § 1331. Currently before the court is MPD's motion to dismiss for failure to state a claim pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.[1] (D.I. 21)

## II. BACKGROUND

Plaintiff's claim arises from an incident that occurred on May 11, 2005. In his complaint, plaintiff alleges that, pursuant to an arrest and after being handcuffed, Mendez struck him twice on the head with a "Maglite" flashlight.[2] (D.I. 2) Plaintiff avers that this incident took place in a "grassy lot next to Grotto's Pizza on Long Neck Road" in Millsboro, Delaware.[3] (Id.) After the incident, plaintiff states that he was taken to the

---

[1] Plaintiff failed to file responsive papers in accordance with the court's scheduling order. (D.I. 27)

[2] Plaintiff never states that any Millsboro police officers were involved in the alleged incident. (D.I. 2)

[3] In their answer to the complaint, defendants admit that "in trying to take the plaintiff into custody while plaintiff was resisting arrest Corporal Mendez struck plaintiff twice in the head with a flashlight in self-defense [using] a reasonable amount of force under the circumstances to take plaintiff into custody." (D.I. 23)

Beebe Medical Center in Lewes, Delaware, for a CAT scan and received eleven staples in his scalp. (Id.)

### III. STANDARD OF REVIEW

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. See Trump Hotels and Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Id. Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972); Gibbs v. Roman, 116 F.3d 83, 86 n.6 (3d Cir. 1997); Urrutia v. Harrisburg County Police Dep't., 91 F.3d 451, 456 (3d Cir. 1996). The moving party has the burden of persuasion. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

## IV. DISCUSSION

The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Construing the facts in the light most favorable to the plaintiff, no claim is asserted against defendant MPD upon which relief may be granted. Plaintiff alleges that defendant Mendez struck him with a flashlight during the incident. Plaintiff does not indicate that anyone other than defendant Mendez was involved in the incident. Defendant MPD, the local police, is an entirely different organization from Troop 7 and would have no employment or agency relationship with defendant Mendez, a Troop 7 member. Therefore, plaintiff's claim against MPD is dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## V. CONCLUSION

For the reasons stated above, the court will dismiss the 42 U.S.C. § 1983 claim against defendant MPD based on plaintiff's failure to allege facts upon which relief could be granted. Fed. R. Civ. P. 12(b)(6). An appropriate order shall issue.

## Other Orders/Judgments
1:05-cv-00527-SLR Yarnall v. Mendez et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from rld, entered on 6/9/2006 at 11:50 AM EDT and filed on 6/9/2006

**Case Name:**        Yarnall v. Mendez et al
**Case Number:**      1:05-cv-527
**Filer:**
**Document Number:** 29

**Docket Text:**
MEMORANDUM OPINION. Signed by Judge Sue L. Robinson on 6/8/06. (rld, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/9/2006] [FileNumber=227125-0]
[8c5db57dd00bfe36c31510fdf6ab81706b82af2b2a7de3cf268691cc19f57bac6e619
3da30f76e2cc2c1263b7f723a8e00d3f84b73adc4e7956190177741f6a3]]

**1:05-cv-527 Notice will be electronically mailed to:**

Bruce C. Herron     bch@rabhlaw.com,

W. Michael Tupman    michael.tupman@state.de.us

**1:05-cv-527 Notice will be delivered by other means to:**

David S. Yarnall
SBI #548973 Del
I/M David S. Yarnall
Botetourt County Jail
P.O. Box 370
Fincastle, VA 24090

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID S. YARNALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-527-SLR |
| | ) |
| CPL. ANTHONY MENDEZ, DELAWARE | ) |
| STATE POLICE TROOP 7, and | ) |
| MILLSBORO POLICE DEPARTMENT | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

At Wilmington this 8th day of June, 2006, for the reasons stated in the memorandum opinion issued this same date;

IT IS ORDERED that defendant's motion to dismiss for failure to state a claim (D.I. 21) is granted.

_____
United States District Judge

## Orders on Motions
1:05-cv-00527-SLR Yarnall v. Mendez et al

**U.S. District Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from rld, entered on 6/9/2006 at 11:52 AM EDT and filed on 6/9/2006
**Case Name:**     Yarnall v. Mendez et al
**Case Number:**   1:05-cv-527
**Filer:**
**Document Number:** 30

**Docket Text:**
ORDER granting [21] Motion to Dismiss . Signed by Judge Sue L. Robinson on 6/8/06. (rld, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/9/2006] [FileNumber=227128-0]
[174d89181f24cc8ca4589aa9d34638e8dee30321d92c517b790616980158b75e8533f
128dea12860625c8a074056d6c3546ce12154b351a0f98b5ddc50f4d810]]

**1:05-cv-527 Notice will be electronically mailed to:**

Bruce C. Herron    bch@rabhlaw.com,

W. Michael Tupman    michael.tupman@state.de.us

**1:05-cv-527 Notice will be delivered by other means to:**

David S. Yarnall
SBI #548973 Del
I/M David S. Yarnall
Botetourt County Jail
P.O. Box 370
Fincastle, VA 24090