IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
DAVID S. YARNALL,              )
                               )
     Plaintiff,                )    CONSOLIDATED
                               )
     v.                        )    CIV. No.: 05-527-SLR
                               )
CPL. ANTHONY MENDEZ, DELAWARE  )    CIV. NO.: 06-501-SLR
STATE POLICE - TROOP 7, PTLM   )
LOWE, UNKNOWN OFFICERS WHO     )    CIV. NO.: 06-529-SLR
RESPONDED TO SCENE OF          )
MILLSBORO POLICE, AND PFC      )
BUCHERT,                       )
                               )
     Defendants.               )
```

**ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM OF
DEFENDANT PTLM LOWE TO COMPLAINT FILED IN C.A. NO. 06-501-SLR**

The numbered paragraphs in this Answer correspond to the numbered paragraphs in the Complaint. Unless specifically admitted or otherwise qualified, defendant Ptlm Lowe generally denies the allegations in the Complaint.

I. A. Admitted that plaintiff previously filed a related suit at C.A. 05-527-SLR.

II. Since the Complaint states "N/A" no answer is required.

III. Admitted that defendant Ptlm Lowe is employed as a police officer at the Millsboro Police Department.

IV.-1. Denied that Ptlm Lowe used excessive force. Denied that Ptlm Lowe violated plaintiff in any way. Denied that Ptlm Lowe "attacked" plaintiff with a taser gun. Admitted that Ptlm Lowe used a reasonable

1

amount of force under the circumstances in an effort to subdue plaintiff's unlawful aggressive resistance.

IV.-2. Denied that Ptlm Lowe used excessive force. Denied that Ptlm Lowe attacked plaintiff. Admitted that Ptlm Lowe used a reasonable amount of force under the circumstances in an effort to subdue plaintiff's unlawful aggressive resistance.

IV.3. Denied that Ptlm Lowe used excessive force. Admitted that Ptlm Lowe used a reasonable amount of force under the circumstances in an effort to subdue plaintiff's unlawful aggressive resistance. Admitted that Ptlm Lowe grabbed plaintiff by the shoulder after plaintiff began running away from police officers who were lawfully attempting to take him into custody.

V. This is a prayer for relief to which an answer is not required.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state claims upon which relief can be granted.

2. Defendant is entitled to qualified immunity. Harlow v. Fitzgerald, 57 U.S.C. 800 (1982).

3. No action or conduct of defendant violated any clearly established statutory or constitutional right of which a reasonable person would have known.

4. Plaintiff's claims are barred by the County and Municipal Tort Claims Act, 10 Del. C. § 4011 et. seq.

5. Plaintiff was negligent in a manner which proximately caused his alleged injuries. Plaintiff was negligent in that he was intoxicated and/or under the influence of drugs and violently resisted police officers' lawful commands.

6. The actions of plaintiff were superseding and/or intervening causes of his alleged injuries.

### CROSS-CLAIM FOR INDEMNIFICATION AND CONTRIBUTION

7. Defendant Ptlm Lowe denies that he is liable to plaintiff in any respect. However, in the event that answering defendant is held liable to the plaintiff, then he cross-claims against co-defendants Cpl. Anthony Mendez and Delaware State Police Troop 7 for indemnification and contribution pursuant to the provisions of Federal Law and the Delaware Uniform Contribution Among Joint Tortfeasors Law, 10 Del. C. Ch. 63.

**WHEREFORE**, Defendant Ptlm Lowe requests that the Complaint be dismissed, with costs and attorney fees assessed against plaintiff.

**AKIN & HERRON, P.A.**

/s/ Bruce C. Herron
Bruce C. Herron
Attorney I.D. No.: 2315
1220 N. Market Street
Suite 300
P.O. Box 25047
Wilmington, DE 19899
(302) 427-6987
Attorney for Defendant
Ptlm Lowe

Dated: December 4, 2006