IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID S. YARNALL,           ) | |
| )                            | |
| Plaintiff,       )          | |
| )                            | CONSOLIDATED |
| v.                          ) | Civ. No. 05-527-SLR |
| )                            | Civ. No. 06-501-SLR |
| CPL. ANTHONY MENDEZ, DELAWARE ) | Civ. No. 06-529-SLR |
| STATE POLICE TROOP 7,       ) | |
| PTLM LOWE, UNKNOWN OFFICERS ) | |
| WHO RESPONDED TO SCENE OF   ) | |
| MILLSBORO POLICE, and       ) | |
| PFC BUCHERT,                ) | |
| )                            | |
| Defendants.     )           | |

**O R D E R**

At Wilmington this 13th day of February, 2007, having considered plaintiff's pending motions for appointment of counsel;

IT IS ORDERED that the motions are denied, for the reasons that follow:

1. **Background.** Plaintiff filed this civil rights action alleging the defendants engaged in excessive force.

2. **Standard of Review.** A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court sua sponte." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

3. It is within the court's discretion to seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). After passing this threshold inquiry, the court considers various factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d at 499.

4. **Discussion**. In this case, plaintiff has shown that he is able to articulate the alleged facts clearly. The factual issues in the case are not complicated. Plaintiff's discovery

requests are being responded to by defendants. Finally, it does not appear than expert witness testimony is necessary.

5. **Conclusion**. Appointed counsel is not warranted in this case. Accordingly, the motions for appointment of counsel (D.I. 39, 58) are **denied**.

                                                                        _____
                                                                      United States District Judge