IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

DAVID SCOTT YARNALL

VS

CPL ANTHONY MENDEZ ET AL
DELAWARE STATE POLICE TROOP 7
PTLM LOWE, UNKNOWN POLICE OFFICERS
WHO RESPONDED TO SCENE OF MILLSBORO
POLICE AND PFC BUCHERT

NO. 05-527-SLR

FILED
APR 2 - 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Notice of Motion

TO: OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
844 N. KING ST LOCKBOX 18
WILMINGTON DE 1980

PLEASE TAKE NOTICE THAT THE ATTACHED MOTION FOR SUMMARY JUDGEMENT WILL BE REQUESTED AT THE CONVENIENCE OF THE HONORABLE COURT

DAVID SCOTT YARNALL 548973
S.C.I.
P.O. BOX 500
GEORGETOWN DE 19947

DATED: 3/28/07

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

DAVID SCOTT YARNALL
PLAINTIFF

VS

CPL ANTHONY MENDEZ ET AL
DELAWARE STATE POLICE TROOP 7
PTLM LOWE, UNKNOWN OFFICERS
WHO RESPONDED TO SCENE OF MILLSBORO
POLICE AND PFC BUCHERT
DEFENDANTS

No. 05-527-SLR

Pursuant to Rule 56 of the Federal Rules of Civil Procedure the Plaintiff DAVID SCOTT YARNALL requests the Honorable Chief Judge Sue L. Robinson for an Amendment of previous Summary Judgement be ruled in Plaintiff David Scott Yarnall's favor based on the following facts presented on the following documents.

DATED: 3/28/07            SIGNATURE 

① MENDEZ'S USE OF EXCESSIVE FORCE AND ASSAULT TO ME DAVID SCOTT YARNALL WHILE I WAS HANDCUFFED.

② MENDEZ'S FAILURE TO PREVENT THE USE OF EXCESSIVE FORCE BY MILLSBORO POLICE OFFICER LOWE TO ME, DSY WHILE I WAS HANDCUFFED

③ LOWE'S USE OF EXCESSIVE FORCE AND ASSAULT TO ME DAVID SCOTT YARNALL WHILE I WAS HANDCUFFED.

④ LOWE'S POLICE REPORT DOESN'T CORRELATE WITH VIDEO 7SP 6345/TAPE 7-218

⑤ BUCHERT'S FAILURE TO PREVENT THE USE OF EXCESSIVE BY LOWE TO ME, DSY WHILE I WAS HANDCUFFED.

⑥ BUCHERT'S POLICE REPORT DOESN'T CORRELATE WITH VIDEO 7SP 6345/TAPE 7-218

⑦ ILLEGAL SEARCH & SEIZURE BY CIVILIAN JOHN KRAFT WHILE BEING HELD BY MENDEZ.

⑧ THE ASSAULT BY MENDEZ WHACKING ME, DSY ON THE HEAD WITH A MAGLITE FLASHLIGHT WAS INTENTIONALLY NOT DOCUMENTED IN THE ADULT COMPLAINT AND WARRANT, EXHIBIT A & B IN THE JUSTICE OF THE PEACE COURT 3, ALSO THAT I WAS HANDCUFFED WHEN ASSAULTS OCCURED.

⑨ INTERNAL AFFAIRS OF THE DELAWARE STATE POLICE TRIED DISCOURAGING ME, DAVID SCOTT YARNALL, FROM RETRIBUTION OF THE CRIMES COMMITTED AGAINST ME BY STATE TROOPERS AND MILLSBORO POLICE OFFICERS.

⑩ COERCED TAPED CONFESSION OF ME DSY BY MENDEZ AFTER THE TRIP TO HOSPITAL WAS SUPPRESSED IN SUPERIOR COURT IN SUSSEX COUNTY MAY 12 2006 AT 9:30 AM DUE TO EXTREME INTOXIFICATION.

⑪ PAULA T. RYAN, D.A.G. SUSSEX COUNTY WITHHELD PAGE 6 of POLICE REPORT UNTIL JUNE 21ST 2006 AT MY 3RD CASE REVIEW.

⑫ PAULA T. RYAN, D.A.G. SUSSEX COUNTY LIED TO JUDGE STOKES STATING "MR. YARNALL'S BEHAVIOR HAD TO BE CONTROLLED BY A TASER GUN" AND NOTHING WAS SAID ABOUT ME BEING HANDCUFFED AND WHACKED ON THE HEAD.

⑬ LEGAL PAPERS WERE SNATCHED OUT OF MY HANDS AUGUST 22ND ENTERING JUDGE GRAVES COURTROOM FOR A PROBATION VIOLATION.

⑭ NEWSPAPER ARTICLE OF MY ARREST HAS LIES CONTAINED IN IT AND NOTHING STATED ABOUT THE ASSAULT BY MENDEZ.

DATED 3/28/07

DAVID SCOTT YARNALL 548973
S.C.I.
P.O. BOX 500
GEORGETOWN, DE, 19947

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

DAVID SCOTT YARNALL

vs

CPL ANTHONY MENDEZ ET AL          DECLARATION
DELAWARE STATE POLICE TROOP 7
PTLM LOWE, UNKNOWN OFFICERS WHO
RESPONDED TO SCENE OF MILLSBORO      CIVIL ACTION NO.
POLICE AND PFC BUCHERT                05-527-SLR


I, DAVID SCOTT YARNALL HEREBY DECLARES THAT THE AFOREWROTE DOCUMENTS ARE TRUE & CORRECT AND UNDER THE PENALTY THAT THE FOREGOING IS TRUE & CORRECT.


DATED: 3/28/07                    

28th March 2007
Judith Ann Lederman

JUDITH ANN LEDERMAN
NOTARY PUBLIC, STATE OF DELAWARE
My Commission Expires August 19, 2007

## CERTIFICATE OF SERVICE

I, DAVID SCOTT YARNALL, HEREBY CERTIFY THAT I HAVE SERVED A TRUE AND CORRECT COPY OF THE ATTACHED MOTION UPON THE FOLLOWING PARTY, ON THE 28 DAY OF MARCH 07.

W. MICHAEL TUPMAN
ATTORNEY GENERAL
DEPT. OF JUSTICE
102 WEST WATER ST 3RD FL.
DOVER DE 19904

BRUCE C HERRON
1500 SHALLCROSS AVE
SUITE 1-A
WILMINGTON DE 19806

CEO CITY OF MILLSBORO
322 WILSON HIGHWAY
MILLSBORO DE 19966

DATED: 3/28/07



# ERIC G. MOONEY, P.A.

ATTORNEY AT LAW

11 SOUTH RACE STREET
GEORGETOWN, DELAWARE 19947

ERIC G. MOONEY
JAMES D. NUTTER

February 14, 2006

(302) 856-3070
FAX (302) 856-2177

Paula T. Ryan, Esquire
Department of Justice
114 E. Market Street
Georgetown, Delaware 19947

**RE: STATE OF DELAWARE V. DAVID S. YARNALL**
**I.D. NO.: 0505008426**

Dear Ms. Ryan:

    I am in receipt of the State's response to discovery with respect to the above-captioned matter. At your earliest convenience, please forward a copy of page 6 of the police report, which was inadvertently left out of my copy. In addition, please forward a copy of the in-car camera mentioned in the police report, as well as the taped statement.

    I have enclosed herewith a blank videotape and audiotape for your convenience. I thank you for your time and attention to this matter, and if you should have any questions, please do not hesitate to contact me.

Very truly yours,

ERIC G. MOONEY

EGM/jeq

Enc.

c: Mr. David S. Yarnall

33

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE, | : | |
| | : | |
| v. | : | I.D. No. 0505008426 |
| | : | |
| DAVID S. YARNALL, | : | |
| | : | |
| Defendant. | : | |

**NOTICE OF MOTION**

TO: PAULA RYAN, ESQUIRE
Deputy Attorney General
Department of Justice
114 E. Market Street
Georgetown, DE 19947

*[handwritten: PAGE 6!!]*

*[stamp: FILED PROTHONOTARY SUSSEX COUNTY 2006 MAY 10 PM 12:09]*

**PLEASE TAKE NOTICE** that the within Motion to Suppress will be presented to this Honorable Court on Friday, May 12, 2006, at 9:30 a.m., or as soon thereafter as counsel may be heard.

ERIC G. MOONEY, ESQUIRE
Eric G. Mooney, P.A.
11 S. Race Street
Georgetown, DE 19947
(302) 856-3070

Attorney for Defendant

DATED: May 10, 2006

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE, | : | |
| | : | |
| v. | : | I.D. No. 0505008426 |
| | : | |
| DAVID S. YARNALL, | : | |
| | : | |
| Defendant. | : | |

**MOTION TO SUPPRESS**

**COMES NOW**, Defendant, David S. Yarnall ("Defendant"), by and through his undersigned counsel, who hereby moves this Honorable Court pursuant to *Super. Ct. Crim. R.* 12(b) and 41(f) for an Order suppressing, and excluding from evidence at trial, any and all oral and/or written statements made by the Defendant to the investigating state agents in this case on the ground that his statements were involuntary and obtained in violation of *Miranda v. Arizona*[1], the 5th and 14th Amendments to the United States Constitution and Article I, §7 of the Delaware Constitution.

1. Defendant is charged by Information with two counts of Attempted Carjacking in the Second Degree, Criminal Mischief and Resisting Arrest. The aforesaid offenses are alleged to have occurred on or about May 11, 2005, in Sussex County, Delaware.

2. The facts presented in this case demonstrate that the Defendant was arrested based, in part, on statements he made to the police while extremely intoxicated. Defendant further states that as a result of his intoxication, his alleged waiver of his *Miranda* rights was made involuntarily and without full awareness of the rights being abandoned. In particular, the facts relevant to this motion are as follows:

   a. On or about May 11, 2005, at approximately 9:30 p.m., Conrad Davenport

---

[1] 384 U.S. 436 (1966).

("Davenport") was operating a vehicle east on CR298 approaching Long Neck Road. Davenport advised the police that he was traveling behind a minivan which suddenly slammed on its brakes and swerved to the right to avoid a blue bicycle in the middle of the road. When Davenport stopped to avoid the bicycle, the Defendant allegedly came out of the woods, jumped on the hood of Davenport's vehicle, and began beating the windshield with a belt. The Defendant then jumped off the hood, reached for the driver's door and yelled "Move." Believing that the Defendant intended to steal his car, Davenport quickly accelerated around the Defendant and drove to a lighted parking lot where he called the police.

     b.     At or about the same time and place, Erica Donahue ("Donahue") was operating a vehicle west on CR298 when she observed a friend walking on the opposite side of the road. When Donahue stopped to ask her friend if she needed a ride, the Defendant allegedly came out of the woods and reached to open the rear passenger door. Donahue, however, quickly locked the vehicle's doors, sped away and called 911 to report the incident.

     c.     Delaware State Police Corporal Mendez was dispatched to investigate the incidents. Corporal Mendez encountered the Defendant walking south on Long Neck Road and arrested him, placing him in handcuffs. [handwritten: Should have put me in car] After being put in handcuffs the Defendant allegedly started to resist arrest. A struggle ensued during which Corporal Mendez struck the Defendant in the face [handwritten: on the head] on two occasions with his police flashlight. Two Millsboro police officers then arrived to assist Corporal Mendez. [handwritten: TAZED me on hood (ATTACKED)] Due to Defendant's continued resistance, the Millsboro officers "Tazer" shocked the Defendant on two occasions. [handwritten: Numerous] The Defendant allegedly continued to struggle for approximately ten minutes until responding paramedics could sedate him.

     d.     After finally being taken into custody, the Defendant was transported to Beebe Hospital for treatment. At Beebe, Defendant, due to his level of intoxication, had to be sedated on

48

two more occasions in order to be treated. Following treatment at the hospital, Defendant was transported to Delaware State Police Troop 7 for processing and interrogation.

e. Defendant was interviewed at Troop 7 by Corporal Mendez at approximately 4:41 a.m. on May 12, 2005. It is alleged that the Defendant waived his *Miranda* rights at the beginning of the interrogation. During the interview, Defendant stated that he was under the influence of PCP, crack cocaine and marijuana. Defendant also allegedly stated that he was trying to get a car to go back to North Carolina and that he wanted the vehicle's occupants to go with him so that he could show them what a wonderful life it was there. The Defendant told Corporal Mendez that he resisted arrest because he believed the police were trying to kill him with the "Tazer" gun. According to Corporal Mendez the Defendant also made a number of "off-the-wall" comments, some having to do with the American Military and Osama Bin Laden. As a result of these strange comments, Corporal Mendez decided to terminate the interrogation after only a few minutes.

3. In *Miranda v. Arizona*, the United States Supreme Court extended the Fifth Amendment privilege against self-incrimination to the in-custody interrogation of a person accused or suspected of a crime. *Miranda v. Arizona*, 384 U.S. 436, 467 (1966). Under *Miranda*, law enforcement officials may not interrogate an individual who is in custody unless the individual is first advised of and waives his or her Fifth Amendment rights, known familiarly as *Miranda* rights. *Id.* at 466; *DeJesus v. State*, 655 A.2d 1180, 1189-90 (Del. 1995). If the police interrogate a suspect without first advising the suspect of their *Miranda* rights, then any statements made by the suspect cannot be used them at a subsequent trial. *Berkemer v. McCarty*, 468 U.S. 420, 429 (1984); *DeJesus*, 655 A.2d at 1190.

4. In the present case, it is alleged that the Defendant was advised of waived his *Miranda* rights prior to being questioned by Corporal Mendez. When a *Miranda* waiver is alleged,

49

the State bears the burden of proving that the waiver was both voluntary and the product of a knowing and intelligent decision. *Howard v. State*, 458 A.2d 1180, 1183 (Del. 1983). To make a knowing and intelligent waiver of *Miranda* rights, a Defendant must have "full awareness of the nature of the rights being abandoned and the consequences of the decision to abandon it." *State v. Ifriqi*, 2001 WL 167851, Goldstein, J. (Del. Super. February 13, 2001) at p. 2, *citing Moran v. Burbine*, 475 U.S. 412, 421 (1986). In deciding whether a particular defendant had full awareness of the nature of the rights being abandoned and the consequences of the decision to abandon it, Courts must examine the totality of the circumstances surrounding the waiver, including the conduct of the interrogators and defendant, the defendant's age, intellect and experience with the criminal justice system, and all other pertinent factors. *Id.* Intoxication is a relevant factor, although it does not *per se* invalidate an otherwise proper waiver. *Traylor v. State*, 458 A.2d 1170, 1176 (Del. 1983). Whether an intoxicated defendant is capable of making a knowing and intelligent of their *Miranda* rights requires the Court to determine whether the defendant "had sufficient capacity to know what he was saying and to have voluntarily intended to say it." *Id.*

5.   In the present case, the Defendant, as a result of his extreme intoxication, did not have sufficient capacity to know what he was saying and to have voluntarily intended to say it. As outlined above, Defendant was so intoxicated that he was "Tazered" twice at the scene and sedated three times after arrest. In addition, Corporal Mendez considered the Defendant's statements during the custodial interrogation to be so "off the wall" that he discontinued the interrogation. Consequently, under the totality of the circumstances presented, the State cannot satisfy its burden of proving that the Defendant had sufficient capacity to know what he was saying to have intended to say it.

**WHEREFORE**, Defendant, David S. Yarnall, respectfully prays this Honorable Court for

50

an Order, in the form attached hereto, suppressing, and excluding from evidence at trial, any and all oral and/or written statements made by the Defendant in response to custodial interrogation by Corporal Mendez.

---

ERIC G. MOONEY, ESQUIRE
Eric G. Mooney, P.A.
11 S. Race Street
Georgetown, DE 19947
(302) 856-3070

Attorney for Defendant

DATED: May 10, 2006

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | |
|---|---|
| STATE OF DELAWARE, | : |
| | : |
| v. | : I.D. No. 0505008426 |
| | : |
| DAVID S. YARNALL, | : |
| | : |
| Defendant. | : |

### ORDER

AND NOW, to wit, this _____ day of _____, 2006, Defendant's Motion to Suppress, and any opposition thereto, having been presented and considered,

**IT IS ORDERED** that the Motion is **GRANTED**. Any all statements made by the Defendant in response to custodial interrogation by Corporal Mendez are hereby suppressed and shall be excluded from evidence at trial.

**SO ORDERED** the day and year aforesaid.

_____
J.

52

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | |
|---|---|
| STATE OF DELAWARE, | : |
| | : |
| v. | :    I.D. No. 0505008426 |
| | : |
| DAVID S. YARNALL, | : |
| | : |
| Defendant. | : |

### CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May, 2006, two copies of the attached Motion to Suppress were served on the below listed Deputy Attorney General by hand.

TO:    PAULA RYAN, ESQUIRE
        Deputy Attorney General
        Department of Justice
        114 E. Market Street
        Georgetown, DE 19947

/s/ ERIC G. MOONEY
_____
ERIC G. MOONEY, ESQUIRE
Eric G. Mooney, P.A.
11 S. Race Street
Georgetown, DE 19947
(302) 856-3070

Attorney for Defendant

DATED: May 10, 2006

### State police nab man for car-jacking attempt

A Virginia fugitive was committed to Sussex Correctional Institution, May 11. He was arrested by officers investigating two reports by drivers in Long Neck that a man had tried to take their vehicles.

Cpl. Jeff Oldham, state police spokesman, said that about 9 p.m., a man stopped his car on Sussex 298 because an overturned bicycle was lying on the road. While he was stopped, the driver said a man came out of the darkness and jumped on the hood of his car and began violently beating on the windshield with a belt. The man then reached into the driver's window and grabbed the steering wheel, yelling for the driver to get out. The driver said he sped away and called police. FALSE

A short time later, police received a second call from a woman who said she was driving on Sussex 298 near Long Neck Elementary School when a man came out of the woods and tried to get in the rear door of her vehicle. She, too, sped away and called police. The trooper who responded to the calls spotted a person matching the victims' description of their assailant walking along Long Neck Road. The trooper stopped and cuffed the suspect, but the suspect stood up and began walking away.

The trooper grabbed the suspect's arm and tried to restrain him, but the suspect began pulling the trooper down the road. Other state police and Millsboro police officers arrived. The suspect was overcome when Millsboro officers deployed a nonlethal stun gun. David S. Yarnall, 35, of Charlotte, N.C., was arrested on Long Neck Road at 9:37 p.m. after a brief struggle with police officers. He was tested and found to be under the influence of PCP, cocaine and marijuana, Oldham said.

Oldham said Yarnall is listed as a fugitive from Virginia. He was committed to SCI after failing to post secured bond of $11,500 on two counts of attempted car jacking, one count of criminal mischief and one count of resisting arrest. Oldham said Yarnall would face charges in Delaware before he faces the Virginia charges.

548973
M: D.S. YARNALL    BLDG. KEY D
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500
GEORGETOWN, DELAWARE 19947

1537  U.S. POSTAGE
7972  $01.590
0725

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
844 N. KING ST LOCKBOX 18
WILMINGTON DE 19801-3570