IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

DAVID S. YARNALL
       PLAINTIFF
       VS

CPL. ANTHONY MENDEZ ET AL
DELAWARE STATE POLICE TROOP 7
PTLM LOWE, UNKNOWN OFFICERS WHO
RESPONDED TO SCENE OF MILLSBORO POLICE
AND PFC BUCHERT

05-527-SLR

MOTION FOR A SECOND AMENDMENT TO DAVID S. YARNALL'S BRIEF WILL BE PRESENTED AT THE CONVENIENCE OF THE HONORABLE COURT.

COMES NOW, THE PLAINTIFF, DAVID S. YARNALL PRO SE WHO PURSUANT TO DISTRICT COURT RULE 15.1 MOVES THIS HONORABLE COURT TO GRANT THIS MOTION. IN SUPPORT, THE FOLLOWING FACTS ARE ASSERTED;

SEE ATTACHED DOCUMENTS



FILED
APR 18 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

DATED: 4/11/07

DAVID SCOTT YARNALL
PLAINTIFF

CONDUCT OF POLICE OFFICERS STRIKING A RESTRAINED MAN IN THE HEAD WITH A NIGHTSTICK AND KICKING HIM IN THE GROIN WAS EXCESSIVE AND VIOLATED RESTRAINED MAN'S DUE PROCESS RIGHTS 42 U.S.C.A. § 1983 U.S.C.A. CONSTITUTION AMENDMENT 14 ( LEWIS V. DOWNS 774 F.2D 711) THE ASSAULTS BY MENDEZ & LOWE VIOLATED MY DUE PROCESS RIGHTS AND OBVIOUSLY EXCESSIVE.

INTRUSIONS BY POLICE OFFICERS WHICH ARE OF SUCH A MAGNITUDE THAT THEY SHOCK THE CONSCIENCE OF THE COURT, VIOLATE DUE PROCESS CLAUSE OF FOURTEENTH AMENDMENT U.S.C.A. CONSTITUTIONAL AMENDMENT AND ARE ACTIONABLE UNDER SECTION 1983 42 U.S.C.A. § 1983 ( LEWIS V. DOWNS 774 F.2D 711) VIDEO TSP 6345/TAPE 7-218 SHOCKS THE CONSCIENCE OF THE COURT, VIOLATES THE 14TH AMENDMENT IS AS ACTIONABLE UNDER SECTION 1983 AS ANY OTHER CASE. CONDUCT OF DEPUTY SHERIFF WHO BEAT PRETRIAL DETAINEE WHEN DETAINEE WAS UNABLE TO DEFEND HIMSELF WAS INTENTIONAL AND INVOLVED RECKLESS DISREGARD FOR DETAINEES CONSTITUTIONAL RIGHTS U.S.C.A. CONSTITUTIONAL AMENDMENTS 5 & 14  42 U.S.C.A. § 1983 ( BROWN V. TRICHE 660 F.SUPP 281) I WAS IN HANDCUFFS AND BECAUSE CPL MENDEZ WAS VERY MUCH IMPROPERLY TRAINED AND COULDNT EVEN SWITCH HANDS TO GRAB THE CHAIN OF THE HANDCUFFS AND USE THE SUPPOSEDLY CAN OF PEPPER SPRAY THAT WAS ON HIS LEFT SIDE OF HIS BELT, INVOLVED RECKLESS DISREGARD FOR MY LIFE BY HITTING ME ON THE HEAD WITH A HEAVY FLASHLIGHT. IN THE DELAWARE STATE POLICE DETENTION RESISTANCE REPORT MENDEZ TRIES JUSTIFYING, STATING IN HIS REPORT THAT THE FIRST BLOW DID NOT SHOW AN EFFECT AND HE CONTINUED PULLING US TOWARDS THE ROADWAY, IS A LIE, BOTH BLOWS THROW MY HEAD INTO VIEW OF THE VIDEO CAMERA.

(1)

IF A POLICE OFFICER, WHETHER SUPERVISORY OR NOT FAILS OR REFUSES TO INTERVENE WHEN A CONSTITUTIONAL VIOLATION SUCH AS AN UNPROVOKED BEATING TAKES PLACE IN HIS PRESENCE THE OFFICER IS DIRECTLY LIABLE UNDER 42 U.S.C.A. § 1983 (BYRD V. CLARK 783 F.2D 1002) MENDEZ & BUCHERT WERE RESPONSIBLE FOR INTERVENING LOWE. THERE WAS NO ATTEMPT TO STOP LOWE BY EITHER OFFICER. NOR DID ANY OFFICER STOP LOWE AFTER HE PUNCHED ME ON THE BACK OF THE NECK.

PHYSICAL ABUSE BY POLICE UNDER COLOR OF STATE LAW MAY IN SOME CIRCUMSTANCES CONSTITUTE A CONSTITUTIONAL DEPRIVATION ALLOWING RECOVERY OF DAMAGES UNDER SECTION 1983. (JOHNSON V. GLICK 481 F.2D 1028) THE STATE POLICE CLAIM MENDEZ WAS JUSTIFIED. THE STATE POLICE CLAIM WHAT MILLSBORO DID WAS UNWARRANTED. AFTER STUDYING THE VIDEO AND THE KNOWLEDGE OF MY CASE AND I KNOW HOW THE POLICE'S ACTIONS ARE HERE IN DELAWARE HAS CAUSED ME MUCH STRESS. AT TIMES WHERE I LOST CONTROL BUT I'VE RECOVERED. IM BEING TREATED FOR POST TRAMATIC STRESS DISORDER AT S.C.I. WITH WELLABUTRIN. ERIC G. MOONEY P.A. TOLD ME TO "GET MY MONEY AND LEAVE THE STATE". HARASSMENT SEEMS INEVITABLE WHEN IM RELEASED. MENDEZ STRUCK ME HARD AND COULD HAVE FRACTURED MY SKULL AND/OR KILLED ME. THEN CAME MILLSBORO?! YES, IVE GOT DAMAGES, HEDONIC DAMAGE? BEING IN THIS STATE HAS ME SCARED... IN DETERMINING IF A POLICE OFFICER'S CONDUCT IS TO THE LEVEL OF A CONSTITUTIONAL DEPRIVATION, FACTORS SUCH AS THE NEED FOR THE FORCE, THE RELATIONSHIPS BETWEEN THE NEED AND THE AMOUNT APPLIED, THE EXTENT OF THE INJURY INFLICTED AND THE MOTIVATION OF THE POLICE OFFICER APPLYING THE FORCE MUST BE CONSIDERED. (JOHNSON V. GLICK 481 F.2D 1028) THE ASSAULTS TO ME, DAVID SCOTT YARNALL, SHOULD NOT HAVE TAKEN PLACE BECAUSE I WAS RESTRAINED - HANDCUFFED!

JURY IN CIVIL RIGHTS ACTION COULD FIND CITY LIABLE FOR EXCESSIVE USE OF FORCE BASED ON EVIDENCE THAT POLICE OFFICERS KNOCKED INTOXICATED AND HANDCUFFED PRISONER TO THE GROUND AND STRUCK AND KICKED HIM WHILE HE LAY THERE. 42 U.S.C.A. § 1983 (MOLTEN V. CITY OF CLEVELAND 839 F.2D 240) I, DAVID SCOTT YARNALL WAS A VICTIM OF EXCESSIVE FORCE BY POLICE OFFICERS MENDEZ, LOWE & BUCHERT WHILE I WAS HANDCUFFED.

COUNTY'S FAILURE TO ADEQUATELY TRAIN ITS DEPUTIES AS TO CONSTITUTIONAL LIMITS OF USE OF FORCE DELIBERATE IN DIFFERENCE TO SAFETY OF COUNTY INHIBITANTS AS MATTER OF LAW FOR PURPOSES OF IMPOSING MUNICIPAL LIABILITY FOR FAILURE TO TRAIN DEPUTIES CONCERNING USE OF FORCE ONLY UPON SHOWING OF "RECKLESS DISREGARD" OR DELIBERATE INDIFFERENCE STANDARD ENUNCIATED BY THE SUPREME COURT. (DAVIS V. MASON COUNTY 927 F.2D 1473) IN THE DELAWARE STATE POLICE DETENTION RESISTANCE REPORT CAPT. GREGORY D. NOLT & LT ROGER A WILLEY BOTH STATE THAT THERE ARE TRAINING ISSUES INVOLVED WITH MENDEZ.

WHERE ONLY 3 OFFICERS ACTUALLY DELIVERED BLOWS TO JAIL INMATE BUT NONE OF THE DEPUTIES PRESENT MADE ANY EFFORT TO RESTRAIN OR STOP CONTINUED ABUSE, ALL DEPUTIES PRESENT AT THE SCENE WERE LIABLE FOR HIS INJURIES UNDER 1871 CIVIL RIGHTS STATUTE 42. U.S.C.A. § 1983 (SMITH V. DOOLEY 591 F.SUPP 1157) MENDEZ & BUCHERT JUST STOOD AROUND AND DID NOTHING TO STOP LOWE FROM TASERING AND ASSAULTING ME, DSY. BUCHERT LIED ON HIS POLICE REPORT TO COVER LOWE AND MENDEZ LIED ON HIS POLICE REPORT THAT HE HAD TO PHYSICALLY RESTRAIN ME AND IT WAS A STRUGGLE FOR 5 MINUTES ON THE HOOD OF THE CAR TO COVER UP FOR LOWE AND JUSTIFY LOWE ATTACKING ME.

(3)

GUARD AT COUNTY JAIL USED EXCESSIVE FORCE IN SUBDUING PLAINTIFF PRISONER WHO WAS SWINGING A TOWEL CONTAINING A METAL OBJECT BY STRIKING PLAINTIFF IN THE HEAD SEVERAL TIMES, ESPECIALLY AS THE GUARD WAS BEING BACKED UP BY TWO OTHERS AND BLOWS WITH A HEAVY FLASHLIGHT APPARENTLY WERE NOT A GOOD FAITH EFFORT TO MAINTAIN DISCIPLINE. (BUSH V. WARE 589 F.SUPP 1454) MENDEZ'S ASSAULT TO ME WAS NOT IN GOOD FAITH, HE ACTED WITH MALICE, WANTON & NEGLEGENT AND ABOVE ALL ELSE, I WAS HANDCUFFED. LOWE'S ACTIONS WERE THE SAME AS MENDEZ'S IF NOT MORE MALICIOUS, WANTON & NEGLEGENT. I, DAVID SCOTT YARNALL, COULD EASILY BEEN KILLED BY EITHER OFFICER.

RECORD SUPPORTED FINDING THAT POLICE OFFICERS ACTED IN MALICIOUS AND OPPRESSIVE MANNER BY ADMINISTERING FOR FAR IN EXCESS OF THAT NEEDED IN RESTRAINING ARRESTEES JUSTIFYING AWARD OF PUNITIVE DAMAGES IN 42 U.S.C.A. § 1983 ACTION. (LEWIS V. DOWNS 774 F.2D 711)

(4)

<u>DAVID SCOTT YARNALL'S ARGUEMENT
TO CAPTAIN GREGORY T. NOLT'S REPORT
IN THE DELAWARE STATE POLICE
DETENTION RESISTANCE REPORT, THAT
ALL THE DELAWARE STATE POLICE OFFICERS
ACTED WITHIN DIVISIONAL POLICY AS WELL
AS THE RULES AND REGULATIONS</u>

<u>"DEADLY FORCE"</u> AS MEANING FORCE WHICH THE DEFENDANT (POLICE OFFICER)
USES FOR THE PURPOSE OF CAUSING OR WHICH HE KNOWS
TO CREATE SUBSTANTIAL <u>RISK OF CAUSING DEATH OR
SERIOUS INJURY.</u> (1.3.1)(74.3.1) PAGE I-13-14 OF FORCE POLICY

① <u>HITTING ME ON THE HEAD TWICE WITH THAT FLASHLIGHT AS HARD AS
MENDEZ DID WAS DEADLY FORCE. TWO BLOWS IN THE SAME SPOT COULD
HAVE KILLED ME OR A BLOW TO MY TEMPLE COULD HAVE KILLED ME.</u>

FORCE POLICY (1.3.1)(1.3.9a) 1. NO MEMBER OF THE DIVISION SHALL
USE EXCESSIVE OR UNREASONABLE FORCE IN THE PER-
FORMANCE OF HIS/HER DUTIES. (1.3.1)

2. ONLY EQUIPMENT DESIGNED FOR FORCE
SITUATIONS WHICH IS AUTHORIZED AND ISSUED BY THE
DIVISION SHALL BE CARRIED OR USED BY OFFICERS WHEN
ON SCHEDULED AND/OR ASSIGNED TOURS OF DUTY.

② <u>MENDEZ USED UNREASONABLE, EXCESSIVE, DEADLY FORCE.</u>

③ <u>WHAT THE STATE DEFENDANTS PROVIDED IN THE MANUAL REGARDING USE
OF FORCE LACKS DESCRIPTION OF WHAT EQUIPMENT DESIGNED FOR
FORCE SITUATIONS CAN BE USED AGAINST A PERSON THAT IS RE-
STRAINED, HANDCUFFED, APPREHENDED AND/OR IN CUSTODY.</u>

(1)

"DEADLY FORCE" IS NOT LIMITED TO FIREARMS AND <u>DOES</u> INCLUDE THE IMPACT WEAPON AS WELL AS THAT WHICH CAN BE INTERPRETED IN THE ABOVE DEFINITION OF "DEADLY FORCE".

USE OF DEADLY FORCE TO EFFECT AN ARREST (1.3.1)(1.3.2)(74.3.1) I-13-15

A. DEADLY FORCE IS PERMISSIBLE TO EFFECT AN ARREST <u>ONLY</u> AFTER <u>ALL</u> OF THE FOLLOWING CONDITIONS HAVE BEEN MET:

1. ALL OTHER REASONABLE MEANS OF APPREHENSION HAVE BEEN EXHAUSTED. (1.3.1)

④ CPL MENDEZ DID NOT EXHAUST ALL REASONABLE MEANS OF APPREHENSION THEREFORE HE VIOLATED THIS FORCE POLICY RULE.

MISDEMEANOR CASES: (1.3.2)(74.3.1) I-13-16

A. UNDER NO CIRCUMSTANCES SHALL A MEMBER FIRE UPON A PERSON WHO IS FLEEING TO AVOID ARREST ON A MISDEMEANOR CHARGE. THE DIVISION RECOGNIZES THAT IT IS BETTER TO ALLOW A MISDEMEANANT TO ESCAPE THAT TO TAKE HIS/HER LIFE, AND THE POLICE OFFICER HAS NO LEGAL OR MORAL AUTHORITY TO RESORT TO THE USE OF FIREARMS IN SUCH CASES.

⑤ TO BE HONEST, YOU DID NOT KNOW THAT I WAS THE GUY THAT ACTED DISORDERLY UP THE STREET. IM HANDCUFFED, SO ME MOVING AROUND I DONT SEE RESISTING ARREST BUT THAT IS A MISDEMEANOR. MENDEZ, YOU HAD NO LEGAL AND MORAL RIGHT TO TRY AND KILL ME. MENDEZ VIOLATED STATE & FEDERAL LAWS. THE SECOND SENTENCE IN CAPTAIN GREGORY D. NOLT'S REPORT IS FALSE. MENDEZ COMMITTED QUITE A FEW VIOLATIONS.

(2)

## CERTIFICATE OF SERVICE

I, DAVID SCOTT YARNALL, HEREBY CERTIFY THAT I HAVE SERVED A TRUE AND CORRECT COPY OF THE ATTACHED MOTION UPON THE FOLLOWING PARTY, ON THE 11 DAY OF APRIL 07.

MICHAEL TUPMAN
ATTORNEY GENERAL
DEPT OF JUSTICE
102 WEST WATER ST
DOVER DE 19904

BRUCE C. HERRON
1500 SHALLCROSS AVE
SUITE 1-A
WILMINGTON DE 19806

CEO CITY OF MILLSBORO
322 WILSON HIGHWAY
MILLSBORO DE 19966

DATE 4/11/07

SIGNATURE OF MOVANT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

DAVID SCOTT YARNALL

VS

CPL. ANTHONY MENDEZ ET AL
DELAWARE STATE POLICE TROOP 7
PTLM LOWE, UNKNOWN OFFICERS WHO
RESPONDED TO SCENE OF MILLSBORO POLICE
AND PFC DUCHERT

NO. 05-527-SLR

NOTICE OF MOTION

TO: OFFICE OF THE CLERK
U.S. DISTRICT COURT
844 N. KING ST LOCKBOX 18
WILMINGTON DE 19801

PLEASE TAKE NOTICE THAT THE ATTACHED MOTION FOR A SECOND AMENDMENT TO DAVID S. YARNALL'S BRIEF WILL BE PRESENTED AT THE CONVIENCE OF THE HONORABLE COURT

DAVID S. YARNALL 548973
S.C.I.
P.O. BOX 500
GEORGETOWN DE 19947

DATED: 4/11/07



I/M: DAVID S. YARNALL BLDG. Key D
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500
GEORGETOWN, DELAWARE 19947



1197  U.S. POSTAGE  PB 2230370
7992  $01.11⁰  APR 17 07
6173  FROM ZIP CODE  19947

OFFICE OF THE CLERK
U.S. DISTRICT COURT
844 N. KING ST LOCK BOX 18
WILMINGTON DE  19801



U.S.M.S. X-RAY