IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID S. YARNALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CONSOLIDATED |
| vs. | ) | Civ. No. 05-527-SLR |
| | ) | Civ. No. 06-501-SLR |
| CORPORAL ANTHONY MENDEZ, | ) | Civ. No. 06-520-SLR |
| DELAWARE STATE POLICE TROOP 7, | ) | |
| PTLM LOWE and PFC BUCHERT, | ) | |
| MILLSBORO POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**STATE OF DELAWARE'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Delaware Department of Justice, on behalf of the Delaware State Police and Corporal Anthony Mendez ("the State Defendants"), moves for summary judgment in their favor as a matter of law. In support of this motion the Department of Justice states as follows:

1. On July 5, 2005, plaintiff David S. Yarnall ("Yarnall") sued the State Defendants alleging that Corporal Mendez arrested Yarnall on May 11, 2005 using excessive force.   2   .

On January 3, 2006, the State Defendants answered the complaint denying the allegations and asserting affirmative defenses of sovereign and qualified immunity.

3. In a scheduling order dated August 10, 2006, this Court set January 11, 2007 as the date for filing dispositive motions. Yarnall filed a motion for summary judgment on December 13, 2006. On January 4, 2007, this Court extended the time for filing dispositive motions until May 4, 2007. On March 29 and April 11, 2007, Yarnall moved to amend his December 13, 2006

summary judgment motion and opening brief.

4.  Eleventh Amendment sovereign immunity bars any claim by Yarnall for monetary damages against the Division of State Police, an agency of the State of Delaware, and against Corporal Mendez in his official capacity.

5.  This Court should dismiss Yarnall's Section 1983 claims against the Division of State and Corporal Mendez in his official capacity because they are not "persons" subject to suit under Section 1983.

6.  Submitted in support of this Motion is the sworn affidavit of Corporal Mendez demonstrating that he did not use excessive force in arresting Yarnall. The escalated police responses by Corporal Mendez to Yarnall's resisting arrest and attempts to flee were objectively reasonable under the circumstances.

7.  Corporal Mendez is not responsible for the actions of defendant Lowe for using a taser gun on Yarnall when Lowe first arrived at the scene as back-up. Corporal Mendez did not have operational or supervisory control over a police officer from another police department. Corporal Mendez did not instruct or ask Lowe to use his taser when Lowe first arrived at the scene, nor did Corporal Mendez have a realistic opportunity to prevent Lowe from using his taser.

8.  Corporal Mendez is entitled to qualified immunity from suit. It would not be clear to a reasonable police officer that his conduct was unlawful in the situation he confronted. A reasonable officer in his position could have believed that striking Yarnall to prevent him either from escaping or from dragging Corporal Mendez into a busy highway was within the bounds of appropriate police responses.

9.    An Opening Brief is filed together with this Motion and also serves as the State of Delaware's Answering Brief to Yarnall's motion for summary judgment.

WHEREFORE, the Department of Justice asks this Court to grant summary judgment in favor of the State Defendants as a matter of law, deny Yarnall's motion for summary judgment, and dismiss Yarnall's complaint against the State Defendants with prejudice.

                    Respectfully submitted,

                    /s/ W. Michael Tupman, Esquire
                    Deputy Attorney General
                    Delaware Department of Justice
                    102 West Water Street, 3rd Floor
                    Dover, DE 19904
                    (302) 739-7641

                    Attorney for State of Delaware

Dated: May 3, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2007 I filed and served the State of Delaware's Motion for Summary Judgment electronically with the Court; on that same date, I mailed the original, hard-copy of that Motion by first-class U.S. Mail, postage prepaid, to the Clerk of the Court; and on that same date I mailed two true and correct copies of that Motion by first-class U.S. Mail, postage prepaid, to:

>David S. Yarnall
>I/M 548973
>Sussex County Correctional Institution
>P.O. Box 500
>Georgetown, DE 19947
>Plaintiff *pro se*

>Bruce C. Herron, Esquire
>Akin & Herron, P.A.
>1500 Shallcross Avenue, Suite 1-A
>Wilmington, DE 19806
>Attorney for Defendants Lowe and Buchert

/s/ W. Michael Tupman, Esquire