IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

DAVID SCOTT YARNALL
    PLAINTIFF
        VS

CPL. ANTHONY MENDEZ
DELAWARE STATE POLICE TROOP 7
PTLM LOWE AND PFC BUCHERT          CIV. NO. 05-527-SLR
MILLSBORO POLICE DEPARTMENT
    DEFENDANTS

NOTICE OF MOTION

TO: OFFICE OF THE CLERK
U.S. DISTRICT COURT
844 N. KING ST LOCKBOX 18
WILM, DE 19801

FILED
MAY 22 2007
RGScarvel
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PLEASE TAKE NOTICE THAT THE ATTACHED MOTION FOR AN ANSWERING BRIEF TO THE DEFENDANTS MOTION FOR SUMMARY JUDGEMENT PURSUANT TO F.R.C.P. 56 ON THE GROUNDS THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT AND THE PLAINTIFF IS ENTITLED TO JUDGEMENT AS A MATTER OF LAW.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

DAVID SCOTT YARNALL

vs

CPL. ANTHONY MENDEZ
DELAWARE STATE POLICE TROOP 7
PTLM LOWE AND PFC BUCHERT         CIV. NO. 05-527-SLR
MILLSBORO POLICE DEPT.


ANSWERING BRIEF TO THE DEFENDANTS MENDEZ
MOTION FOR SUMMARY JUDGEMENT
ALSO ADDED PLAINTIFF DAVID S. YARNALL'S RESPONSE
TO DEFENDANTS LOWE & BUCHERT'S OPENING BRIEF
FOR SUMMARY JUDGEMENT


                                    DAVID SCOTT YARNALL #548973
                                    S.C.I.
                                    P.O. Box 500
DATED: 5/10/07                      GEORGETOWN, DE 19947

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

DAVID SCOTT YARNALL

vs.

CPL ANTHONY MENDEZ ET AL
STATE POLICE TROOP 7
PTLM LOWE, MILLSBORO POLICE            05-527-SLR
PFC BUCHERT

TO THE DEFENDANTS MENDEZ, LOWE & BUCHERT,

AKIN & HERRON P.A./BRUCE C. HERRON MAILED OPENING BRIEF FOR SUMMARY JUDGEMENT TO ME, DAVID S. YARNALL LATE BY MAILING THE BRIEF TO A JAIL I WAS IN VA, BOTETOURT COUNTY JAIL IN '05 TILL FEB 3RD '06. SINCE I'VE BEEN AT S.C.I. I HAVE SENT NUMEROUS MOTIONS INCLUDING THE FRESH LAWSUITS TO AKIN & HERRON'S OLD ADDRESS 1220 N. MARKET ST, SUITE 300, P.O. BOX 25047, WILMINGTON DE 19899 AND THEIR NEW ADDRESS, 1500 SHALLCROSS AVE SUITE 1-A, WILMINGTON DE 19806. TO ME IT LOOKS LIKE A WAY TO SHORTEN MY RESPONSE TIME WHICH IT DID. I RECEIVED THE BRIEF ON THE 14TH OF MAY '07. I DON'T HAVE TIME TO RESEARCH NOR MAKE A LONG BRIEF BUT ITS EASY TO WRITE THAT OF COURSE MILLSBORO DENIES EVERYTHING AND LIES ABOUT EVERYTHING THAT IS TRUE. WATCH THE MOVIE ON VIDEO TSP 6345/TAPE T-218. THAT TELLS THE TRUTH! NO WHERE IN LOWES & BUCHERTS OPENING BRIEF FOR SUMMARY JUDGEMENT STATES THAT I WAS HANDCUFFED, RESTRAINED ALREADY, IN CUSTODY, UNDER ARREST....

DAVID SCOTT YARNALL 548973

DSY

S.C.I.

P.O. BOX 500

GEORGETOWN, DE. 19947

STATEMENT OF UNDISPUTED MATERIAL FACTS

I, DAVID SCOTT YARNALL, DID NOT JUMP ON THE HOOD OF DAVENPORT'S CAR. I DID NOT COME OUT OF THE WOODS. AND I DID NOT REACH THROUGH THE DRIVER'S SIDE WINDOW. I SHOUTED "MOVE!" SO HE WOULD LEAVE. BECAUSE OF THE INTOXICITY AND EXCITEMENT I DID NOT HEAR COMMANDS FROM MENDEZ OR LOWE. LOWE WAS WRONG TO BEGIN WITH. FLEX CUFFS WERE PUT ON RIGHT AS THE AMBULANCE IS PULLING IN TO GROTTOS. AS A MATTER OF FACT LOWE RUNS TO GET THE FLEX CUFFS OUT OF A TRUNK OF A POLICE CAR. I WAS TAKEN TO BEEBE HOSPITAL FOR MEDICAL TREATMENT 11 STAPLES NOT 10 STITCHES. 1 STAPLE EQUALS 2½ STITCHES. I WAS TRICKED INTO SIGNING A ROBINSON PLEA AND ADVISED BY ERIC G. MOONEY TO GET MY LAWSUIT MOVING WITH ED GILL AFTER GILL WANTED MY CASE THEN GILL BACKED OUT 2 DAYS LATER. I SHOULD HAVE BEEN CHARGED WITH 3 MISDEAMEANORS.

## ARGUMENT

Corporal Mendez in no way acted reasonable and rational on the night of May 11th 2005 when he used a heavy metal flashlight to subdue me, David Scott Yarnall, and as I was already restrained by handcuffs behind my back. I will point out that Mendez's thinking, reasoning and actions were not of those of a reasonable acting police officer in performance of his job duties as a police officer after acquiring knowledge of on the job training and tactics from 11½ years on the Delaware State Police, Troop 7 and prior to that, training at Police Academy. The following is reasons why Mendez performed so badly and acted with unreasonable inconsistency and also my arguements of poor job performance.

Mendez's first mistake was when he ordered me to the ground and handcuffed me while I was on my knees. He noticed that I seemed highly agitated, at times incoherent and he suspected I was high on some drug like ecstasy or PCP. (Page 6 of States Brief) That was a good conclusion considering he spoke to three witnesses at a store named Uncle Willies and found out that I acted disorderly on East School Lane. After handcuffing me though he took my wallet out of my back right pocket and left me by myself and walked around to his driver's side door without frisking or searching my person. The first initial contact with me and his bad judgement was unreasonable and a violation of the DSP rules and regulations and protocol.

Mendez's second mistake was when he noticed me stand up and start to walk parallel across the grass with the road that was about 10 yards away. He keys his mic with his free hand, the one not

(1)

HOLDING THE FLASHLIGHT, AND ADVISED SUSCOM BY RADIO THAT THE SUSPECT WAS RESISTING AND THAT HE NEEDED ASSISTANCE. AFTER KEYING HIS RADIO AND WHILE HE WAS COMING AFTER ME, WHY DIDN'T HE USE THAT TIME TO GRAB HIS PEPPER SPRAY OR ASP BATON? IN THE VIDEO, HE HAS NO PEPPER SPRAY ON HIS LEFT SIDE. BUT MENDEZ WAS SO OVERWHELMED THAT A HANDCUFFED SUSPECT WAS WALKING AWAY, NOT RUNNING, THAT HE HAD NO IDEA HOW TO REACT REASONABLY OTHER THAN TO LATCH HIS LEFT ARM TO MY LEFT ARM? BUT YET STILL HOLD ON TO THAT FLASHLIGHT AND ATTEMPT TO TAKE ME TO THE GROUND BY TRYING TO SWEEP MY FOOT OR TRIP ME TO THE GROUND WHILE I LEAD HIM BACK TO HIS CAR!? ISN'T A SITUATION LIKE THAT CALL FOR REASONABLE ACTIONS OF COMMON SENSE TO DROP THE FLASHLIGHT AND USE TWO HANDS TO STOP ME FROM WALKING AWAY? MENDEZ DID NOT EVEN KNOW WHAT TO DO IN A SIMPLE SITUATION OF A HANDCUFFED SUSPECT THAT WAS WALKING AWAY FROM HIM AND STOP ME. DOES THAT CLASSIFY HIM AS A REASONABLE POLICE OFFICER OR AN UNREASONABLE POLICE OFFICER? MENDEZ CLAIMS HE HELD ONTO THAT FLASHLIGHT BECAUSE HE NEEDED THE LIGHT. THAT IS AN EXCUSE BECAUSE THERE IS PLENTY OF LIGHT AT THAT LOCATION. ABOUT 20 YRDS TO WHERE I WAS HEADED THERE IS A STREET LIGHT AND LIGHT FROM THE SIGNS AT SHORE MARINE, LIGHTS ALL OVER THE PARKING LOTS OF GROTTO'S PIZZA, LIGHT FROM THE CARWASH AND SUB SHOP ACROSS THE STREET AND LIGHT FROM CARS. THAT ROAD IS LIT-UP. SO FAR HE SEEMS IMPROPERLY TRAINED, UNREASONABLE, INCOMPETENT, LACKING IN HIS JOB DUTIES AND HAS ANGER ISSUES. IS THAT WHAT A REASONABLE 11½ YEAR VETERAN OF THE DSP IS SUPPOSED TO REPRESENT?

(2)

Mendez quotes in his affidavit, paragraph #11 that he couldnt use pepper spray because of his close proximity and he was concerned of "blowback". Maybe it was because he didnt think to use the pepper spray to begin with or he didnt have it on his person. Pepper spray is used for close up work, or does it shoot so far you could hit somebody at a distance? I've seen numerous inmates get sprayed right up in the face here at S.C.I. Maybe because so much spray is used here at S.C.I. the police cant afford to have it. Mendez also had the wrong shoes for a job of patrolman. He was wearing those shiny, slick soled shoes and I had Columbia hiking boots on. Now Mendez makes his third mistake and because he is improperly trained, very unreasonable, incompetent and angry he decides to use the 5 pound Maglite flashlight that he's got a death grip on and bashes me hard as he can on my head, with my back facing him while Im handcuffed??!! In the state's statement of undisputed material facts, Mendez had plenty of time to evaluate his force options (pgs 7&8 10-12). Mendez believed that a blow to any part of my body would not disable me. Mendez didnt even try to hit me anywhere but my head. Now if Mendez can come up with all those scenarios on what would work or not work for him, then how could he not know what he was doing was not wrong. He's been a cop long enough to know those few pages of the Delaware State Police Rules & Regulations and Force Policy. So yes, Mendez knew he done me wrong, point blank, by using "deadly force" on me, David Scott Yarnall.    (3)

CONDUCT OF POLICE OFFICERS STRIKING A RESTRAINED MAN IN THE HEAD WITH A NIGHTSTICK AND KICKING HIM IN THE GROIN WAS EXCESSIVE AND VIOLATED RESTRAINED MAN'S DUE PROCESS RIGHTS 42 U.S.C.A. § 1983 U.S.C.A. CONSTITUTION AMENDMENT 14 ( LEWIS V. DOWNS 774 F.2D 711) THE ASSAULTS BY MENDEZ & LOWE VIOLATED MY DUE PROCESS RIGHTS AND OBVIOUSLY EXCESSIVE.

INTRUSIONS BY POLICE OFFICERS WHICH ARE OF SUCH A MAGNITUDE THAT THEY SHOCK THE CONSCIENCE OF THE COURT, VIOLATE DUE PROCESS CLAUSE OF FOURTEENTH AMENDMENT U.S.C.A. CONSTITUTIONAL AMENDMENT AND ARE ACTIONABLE UNDER SECTION 1983 42 U.S.C.A. § 1983 ( LEWIS V. DOWNS 774 F.2D 711) VIDEO TSP 6345/TAPE 7-218 SHOCKS THE CONSCIENCE OF THE COURT, VIOLATES THE 14TH AMENDMENT IS AS ACTIONABLE UNDER SECTION 1983 AS ANY OTHER CASE.

CONDUCT OF DEPUTY SHERIFF WHO BEAT PRETRIAL DETAINEE WHEN DETAINEE WAS UNABLE TO DEFEND HIMSELF WAS INTENTIONAL AND INVOLVED RECKLESS DISREGARD FOR DETAINEES CONSTITUTIONAL RIGHTS U.S.C.A. CONSTITUTIONAL AMENDMENTS 5 & 14  42 U.S.C.A. § 1983 ( BROWN V. TRICHE 660 F.SUPP 281) I WAS IN HANDCUFFS AND BECAUSE CPL MENDEZ WAS VERY MUCH INPROPERLY TRAINED AND COULDNT EVEN SWITCH HANDS TO GRAB THE CHAIN OF THE HANDCUFFS AND USE THE SUPPOSEDLY CAN OF PEPPER SPRAY THAT WAS ON HIS LEFT SIDE OF HIS BELT, INVOLVED RECKLESS DISREGARD FOR MY LIFE BY HITTING ME ON THE HEAD WITH A HEAVY FLASHLIGHT. IN THE DELAWARE STATE POLICE DETENTION RESISTANCE REPORT MENDEZ TRIES JUSTIFYING, STATING IN HIS REPORT THAT THE FIRST BLOW DID NOT SHOW AN EFFECT AND HE CONTINUED PULLING US TOWARDS THE ROADWAY, IS A LIE, BOTH BLOWS THROW MY HEAD INTO VIEW OF THE VIDEO CAMERA.

(1)

291

If a police officer, whether supervisory or not fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence the officer is directly liable under 42 U.S.C.A. § 1983 (BYRD V. CLARK 783 F.2D 1002) Mendez & Buchert were responsible for intervening Lowe. There was no attempt to stop Lowe by either officer. Nor did any officer stop Lowe after he punched me on the back of the neck.

Physical abuse by police under color of state law may in some circumstances constitute a constitutional deprivation allowing recovery of damages under section 1983. (JOHNSON V. GLICK 481 F.2D 1028) The state police claim Mendez was justified. The state police claim what Millsboro did was unwarranted. After studying the video and the knowledge of my case and I know how the police's actions are here in Delaware has caused me much stress. At times where I lost control but I've recovered. I'm being treated for Post Tramatic Stress Disorder at S.C.I. with Wella- Butrin. Eric G. Mooney P.A. told me to "get my money and leave the state". Harassment seems inevitable when I'm released. Mendez struck me hard and could have fractured my skull and/or killed me. Then came Millsboro?! Yes, I've got damages, Hedonic damage? Being in this state has me scared...

In determining if a police officer's conduct is to the level of a constitutional deprivation, factors such as the need for the force, the relationships between the need and the amount applied, the extent of the injury inflicted and the motivation of the police officer applying the force must be considered. (JOHNSON V. GLICK 481 F.2D 1028) The assaults to me, David Scott Yarnall, should not have taken place because I was restrained - HANDCUFFED!

(2)

JURY IN CIVIL RIGHTS ACTION COULD FIND CITY LIABLE FOR EXCESSIVE USE OF FORCE BASED ON EVIDENCE THAT POLICE OFFICERS KNOCKED INTOXICATED AND HANDCUFFED PRISONER TO THE GROUND AND STRUCK AND KICKED HIM WHILE HE LAY THERE. 42 U.S.C.A. § 1983 (MOLTEN V. CITY OF CLEVELAND 839 F.2D 240) I, DAVID SCOTT YARNALL WAS A VICTIM OF EXCESSIVE FORCE BY POLICE OFFICERS MENDEZ, LOWE & BUCHERT WHILE I WAS HANDCUFFED.

COUNTY'S FAILURE TO ADEQUATELY TRAIN ITS DEPUTIES AS TO CONSTITUTIONAL LIMITS OF USE OF FORCE DELIBERATE IN DIFFERENCE TO SAFETY OF COUNTY INHIBITANTS AS MATTER OF LAW FOR PURPOSES OF IMPOSING MUNICIPAL LIABILITY FOR FAILURE TO TRAIN DEPUTIES CONCERNING USE OF FORCE ONLY UPON SHOWING OF "RECKLESS DISREGARD" OR DELIBERATE INDIFFERENCE STANDARD ENUNCIATED BY THE SUPREME COURT. (DAVIS V. MASON COUNTY 927 F.2D 1473) IN THE DELAWARE STATE POLICE DETENTION RESISTANCE REPORT CAPT. GREGORY D. NOLT & LT ROGER A WILLEY BOTH STATE THAT THERE ARE TRAINING ISSUES INVOLVED WITH MENDEZ.

WHERE ONLY 3 OFFICERS ACTUALLY DELIVERED BLOWS TO JAIL INMATE BUT NONE OF THE DEPUTIES PRESENT MADE ANY EFFORT TO RESTRAIN OR STOP CONTINUED ABUSE, ALL DEPUTIES PRESENT AT THE SCENE WERE LIABLE FOR HIS INJURIES UNDER 1871 CIVIL RIGHTS STATUTE 42. U.S.C.A. § 1983 (SMITH V. DOOLEY 591 F.SUPP 1157) MENDEZ & BUCHERT JUST STOOD AROUND AND DID NOTHING TO STOP LOWE FROM TASERING AND ASSAULTING ME, DSY. BUCHERT LIED ON HIS POLICE REPORT TO COVER LOWE AND MENDEZ LIED ON HIS POLICE REPORT THAT HE HAD TO PHYSICALLY RESTRAIN ME AND IT WAS A STRUGGLE FOR 5 MINUTES ON THE HOOD OF THE CAR TO COVER UP FOR LOWE AND JUSTIFY LOWE ATTACKING ME.

(3)

293

GUARD AT COUNTY JAIL USED EXCESSIVE FORCE IN SUBDUING PLAINTIFF PRISONER WHO WAS SWINGING A TOWEL CONTAINING A METAL OBJECT BY STRIKING PLAINTIFF IN THE HEAD SEVERAL TIMES, ESPECIALLY AS THE GUARD WAS BEING BACKED UP BY TWO OTHERS AND BLOWS WITH A HEAVY FLASHLIGHT APPARENTLY WERE NOT A GOOD FAITH EFFORT TO MAINTAIN DISCIPLINE. (BUSH V. WARE 589 F.SUPP 1454) MENDEZ'S ASSAULT TO ME WAS NOT IN GOOD FAITH, HE ACTED WITH MALICE, WANTON & NEGLEGENT AND ABOVE ALL ELSE, I WAS HANDCUFFED. LOWE'S ACTIONS WERE THE SAME AS MENDEZ'S IF NOT MORE MALICIOUS, WANTON & NEGLEGENT. I, DAVID SCOTT YARNALL, COULD EASILY BEEN KILLED BY EITHER OFFICER.

RECORD SUPPORTED FINDING THAT POLICE OFFICERS ACTED IN MALICIOUS AND OPPRESSIVE MANNER BY ADMINISTERING FOR FAR IN EXCESS OF THAT NEEDED IN RESTRAINING ARRESTEES JUSTIFYING AWARD OF PUNITIVE DAMAGES IN 42 U.S.C.A. § 1983 ACTION. (LEWIS V. DOWNS 774 F.2D 711)

(4)

A.2

Defendants misconstrue the meaning and importance of "persons" subject to suit under 42 U.S.C. §1983 as elucidated in Kline v. Howard R. Young Correctional Institution, Civ. No. 06-678-SLR, 2006 WL 3366391 (D. Del, Nov 17, 2006) In its opinion, the Court found that the Delaware Dept. of Corrections is a state agency and is not a "person" subject to suit under §1983. While the Delaware State Police may be an agency of the state, Corporation. Mendez himself is a person subject to suit under §1983. This court made no findings with respect to an individual person being immune from a suit under §1983 in Kline.

F. Defendants failed to make a conclusive arguement that Mendez is entitled to qualified immunity from suit. Neeley v. Samis, 183 F.Supp. 2d 672, 678 (D.Del.2002) does not support defendants arguement. In fact, Neeley works against defendants in that reasonable officer would have to know that they were violating plaintiff's 4th Amendment, 14th Amendment and 8th Amendment and 5th Amendment by bashing me over the head with a heavy maglite flashlight while I was handcuffed causing severe cranial injuries. Any reasonable officer would have known he was violating the civil rights of a person in custody, handcuffed and restrained and being bludgeoned over the head. It is precisely for these

OUTRAGEOUS USES OF EXCESSIVE FORCE THAT THE DELAWARE STATE POLICE HAVE ADOPTED RULES, REGULATIONS AND POLICIES RESTRAINING OFFICERS FROM USING EXCESSIVE FORCE. BECAUSE MENDEZ LOST CONTROL OF THE SITUATION FROM THE VERY BEGINNING OF MY ARREST, HIS ANGER, INCOMPETENCE AND LACK OF TRAINING HE COULDNT FUNCTION AS A REASONABLE POLICE OFFICER. MENDEZ WOULD KNOW THAT USING A HEAVY MAGLITE FLASHLIGHT AS AN IMPACT WEAPON, HE WOULD CAUSE SERIOUS INJURY OR DEATH TO ME. HE DID NOT TRY TO HIT ME ELSEWHERE OTHER THAN HIT ME ON THE PART OF MY BODY THAT COULD HAVE KILLED ME.

## CONCLUSION

FOR THE FOREGOING REASONS, THIS COURT SHOULD GRANT DAVID SCOTT YARNALL'S MOTION FOR SUMMARY JUDGEMENT AS A MATTER OF LAW, DENY THE STATE OF DELAWARES MOTION FOR SUMMARY JUDGEMENT AND DENY MILLSBORO DEFENDANTS FOR SUMMARY JUDGEMENT AND AWARD SUMMARY JUDGEMENT TO THE PLAINTIFF, DAVID S. YARNALL.

RESPECTFULLY SUBMITTED

DAVID SCOTT YARNALL 548973
S.C.I.
P.O. BOX 500
GEORGETOWN DE 19947

DATED: 5/16/07

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS 16TH DAY OF MAY, 2007 I FILED WITH THE COURT THE PLAINTIFF, DAVID S. YARNALL, AN ANSWERING BRIEF TO THE STATE'S SUMMARY JUDGEMENT AND SENT TRUE AND CORRECT COPIES OF MY BRIEF TO:

W. MICHAEL TUPMAN, ESQUIRE
DEPUTY ATTORNEY GENERAL
DEPARTMENT OF JUSTICE
102 WEST WATER ST. 3RD FL.
DOVER DE 19904

BRUCE C. HERRON ESQUIRE
AKIN & HERRON, P.A.
1500 SHALLCROSS AVE. SUITE 1-A
WILMINGTON, DE 19806

CEO CITY OF MILLSBORO
322 WILSON HIGHWAY
MILLSBORO DE 19966

DATED: 5/16/07

DAVID SCOTT YARNALL 548973

Case 1:05-cv-00527-SLR    Document 103    Filed 05/22/2007    Page 15 of 16



Akin & Herron, P.A.
1500 Shallcross Ave
Suite 1-A
Wilmington, DE 19806

INMATE
Botetourt County Jail

David S. Yarnall

NOT AT THIS Address

RTS — RETURN TO SENDER
☒ OTHER
☐ INSUFFICIENT ADDRESS
☐ ATTEMPTED NOT KNOWN
☐ NO SUCH NUMBER/STREET
☐ NOT DELIVERABLE AS ADDRESSED
☐ UNABLE TO FORWARD

FM: D.S. Vacalle  BLDG. KEYL0
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500
GEORGETOWN, DELAWARE 19947

U.S. District Court
Office of the Clerk
844 N. King St. Lockbox 18
Wilm De
    19801