IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID S. YARNALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CONSOLIDATED |
| vs. ) | Civ. No. 05-527-SLR |
| ) | Civ. No. 06-501-SLR |
| CORPORAL ANTHONY MENDEZ, ) | Civ. No. 06-520-SLR |
| DELAWARE STATE POLICE TROOP 7, ) | |
| PTLM LOWE and PFC BUCHERT, ) | |
| of the MILLSBORO POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**STATE OF DELAWARE'S REPLY BRIEF IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

 

W. Michael Tupman, Esquire
Deputy Attorney General
Delaware Department of Justice
102 West Water Street, 3rd Floor
Dover, DE 19904
(302) 739-7641

Attorney for State of Delaware

Dated: June 4, 2007

## **TABLE OF CONTENTS**

**Page No.**

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      A.      Yarnall Has Not Set Forth Specific
Facts By Affidavit Showing That
There Is A Genuine Issue For Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      B.      The Use Of Force By Corporal Mendez
Was Objectively Reasonable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

            1.      The Reasonableness Standard Does
Not Require Police Officers To
Use Less Intrusive Alternatives . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

            2.      Corporal Mendez Reasonably Used
Force After Handcuffing Yarnall
Because Yarnall Continued To Resist
Arrest And Try To Escape . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

UNREPORTED CASES − ATTACHED *

*Devoe v. Rebant*,
        2006 WL 334297 (E.D. Mich., Feb. 13, 2006)

*Ritchie v. Erie County Prison*,
        2005 WL 3019128 (W.D. Pa., Oct. 26, 2005)

\*  Copies of unreported cases cited in this Reply Brief are attached to the hard-copy of that brief filed with the Clerk of the Court.

## TABLE OF CITATIONS

**CASES**                                                                         **Page No.**

*Devoe v. Rebant*,
    2006 WL 334297 (E.D. Mich., Feb. 13, 2006) .................................. 3-4

*Dowling v. City of Philadelphia*,
    855 F.2d 136 (3rd Cir. 1988) ............................................. 2

*Illinois v. Lafayette*,
    462 U.S. 640 (1983) ................................................... 2,3

*Ritchie v. Erie County Prison*,
    2005 WL 3019128 (W.D. Pa., Oct. 26, 2005) ................................ 4

*Scott v. Henrich*,
    39 F.3d 912 (9th Cir. 1992) ............................................ 2-3

**ARGUMENT**

A.  Yarnall Has Not Set Forth Specific
    Facts By Affidavit Showing That
    <u>There Is A Genuine Issue For Trial.</u>

In support of the State's motion for summary judgment, the State submitted a sworn affidavit of Corporal Mendez detailing the events leading up to Yarnall's arrest on May 11, 2004.

Rule 56(e) of the Federal Rules of Civil Procedure provides: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party."

In *Dowling v. City of Philadelphia*, 855 F.2d 136 (3rd Cir. 1988), the City moved for summary judgment based on sworn testimony of the officers who arrested plaintiff. Plaintiff "responded to the City's summary judgment motion merely with a brief answer and five-page memorandum denying the City's contentions and reiterating the allegations in her complaint. She failed to include either any affidavits or any other supporting materials." 855 F.2d at 143. The Third Circuit affirmed the district court's grant of summary judgment in favor of the City. "[W]here the City's supporting materials established that the police had probable cause to arrest Dowling, and Dowling put forth no evidence to the contrary, there is no genuine issue of material fact for trial." *Id.*

Yarnall has not submitted any sworn affidavits showing that there is a genuine issue of fact for trial. In response to the State's motion for summary judgment, he filed an answering brief

disputing some of the facts in the Mendez affidavit and reiterating the allegations in his amended complaint. That is not adequate to create a genuine issue of material fact for trial.

The undisputed material facts set forth in the Mendez affidavit are that Corporal Mendez used increasing amounts of force to try to arrest Yarnall. Corporal Mendez responded to a dangerous situation after Yarnall tried to car-jack two vehicles by force and intimidation. There was an immediate threat to the public if Yarnall escaped and tried to car-jack another vehicle. Yarnall was actively resisting arrest and trying to get away. Corporal Mendez repeatedly warned Yarnall to stop resisting arrest before striking him with a flashlight.

The escalated use of force by Corporal Mendez was dictated by Yarnall's behavior and was objectively reasonable under the circumstances.

    B.    The Use Of Force By Corporal Mendez Was Objectively Reasonable.

        1.    The Reasonableness Standard Does Not Require Police Officers To Use Less Intrusive Alternatives.

In *Scott v. Henrich*, 39 F.3d 912 (9th Cir. 1994), police officers shot and killed a man suspected of firing a gun from an apartment into a residential area. His widow argued that police officers "should have used alternative measures before approaching and knocking on the door where [her husband] was located." 39 F.3d at 915. "But, as the text of the Fourth Amendment indicates, the appropriate inquiry is whether the officers acted reasonably, not whether they had less intrusive alternatives available to them." *Id.* (citing *Illinois v. Lafayette*, 462 U.S. 647 (1983)).

> Requiring officers to find and choose the least in-
> trusive alternative would require them to exercise

2

> superhuman judgment. In the heat of battle with lives potentially in the balance, an officer would not be able to rely on training and common sense to decide what would best accomplish his mission. Instead, he would need to ascertain the *least* intrusive alternative (an inherently subjective determination) and choose that option and that option only. Imposing such a requirement would inevitably induce tentativeness by officers, and thus deter police from protecting the public and themselves. It would also entangle the courts in endless second-guessing of police decisions made under stress and subject to the exigencies of the moment.

39 F.3d at 915.

Yarnall contends that Corporal Mendez should have used his pepper spray or baton before striking Yarnall with a flashlight in order to subdue Yarnall and prevent his escape. Pepper spray and a baton, however, were not ready weapons of opportunity. *See* Mendez Aff. ¶11. In any event, the Fourth Amendment did not require Corporal Mendez to use "alternative 'less intrusive' means'" to subdue Yarnall. *Illinois v. Lafayette*, 462 U.S. 640, 647-48 (1983). The use of a flashlight by Corporal Mendez to subdue Yarnall was objectively reasonable under the circumstances.

2. Corporal Mendez Reasonably Used Force After Handcuffing Yarnall Because Yarnall Continued To Resist Arrest And Try To Escape.

In *Devoe v. Rebant*, 2006 WL 334297 (E.D. Mich., Feb. 13, 2006), police officers arrested and handcuffed a man suspected of motor vehicle theft. The suspect was hostile and uncooperative and refused several times to get into the back of a patrol vehicle. One of the officers then used his taser gun. The federal district court held that use of the taser was reasonable force under the

3

circumstances. "Even after being handcuffed, [plaintiff] continued to argue with the officers and refused to comply with the officers' verbal commands to enter the patrol car. Attempting to physically force [plaintiff] into the vehicle likely would have escalated the situation into a physical struggle in which [plaintiff] or the officers could have been seriously injured." 2006 WL 334297, at p.6. "While [plaintiff] was handcuffed when he was stunned with the taser gun, there is no genuine issue of material fact that he still was resisting the officers' commands to enter the police car and was arguing with them." *Id.* at p.7. *See also Ritchie v. Erie County Prison*, 2005 WL 3019128, at p. (W.D. Pa., Oct. 26, 2005) (striking a prisoner with a flashlight when he refused to be fingerprinted; "The mere fact that Plaintiff was restrained does not demonstrate that there was no need for the use of force.")

The facts are undisputed that, though handcuffed, Yarnall was far from subdued. He continued to physically resist arrest and try to escape, dragging Corporal Mendez towards a heavily trafficked highway. Corporal Mendez did "not use gratuitous force on a suspect who already has been subdued and handcuffed." *Devoe*, 2006 WL 334297, at p.7. Under the circumstances, it was objectively reasonable for Corporal Mendez to continue using force to subdue Yarnall after he was handcuffed.

## **CONCLUSION**

For the foregoing reasons and the reasons set forth in the State's Opening Brief, this Court

should grant the State' motion for summary judgment as a matter of law, deny Yarnall's motion for summary judgment, and dismiss Yarnall's amended complaint with prejudice.

Respectfully submitted,

 /s/ W. Michael Tupman, Esquire
Deputy Attorney General
Delaware Department of Justice
102 West Water Street, 3rd Floor
Dover, DE 19904
(302) 739-7641

Attorney for State of Delaware

Dated: June 4, 2007

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of June, 2007, I filed and served electronically with the Court the State of Delaware's Reply Brief in Support of Its Motion for Summary Judgment; on that same date, I mailed the original, hard-copy of that Reply Brief by first-class U.S. Mail, postage prepaid, to the Clerk of the Court; and on that same date, I mailed two true and correct copies of that Reply Brief by first-class U.S. Mail, postage prepaid, to:

>David S. Yarnall
>I/M 548973
>Sussex Correctional Institution
>P.O. Box 500
>Georgetown, DE 19947
>Plaintiff *pro se*

>Bruce C. Herron, Esquire
>Akin & Herron, P.A.
>1500 Shallcross Avenue, Suite 1-A
>Wilmington, DE 19806
>Attorney for Defendants Lowe and Buchert

>/s/ W. Michael Tupman, Esquire

I:\TUPMAN\FILES\yarnall.sj.reply.brief.wpd